May it please the Court, my name is Nathan Shafroth. I am here as pro bono counsel on behalf of the petitioner Orlando Torres-Moreno. What is the name of your law firm? Covington & Burling, Your Honor. I think I've heard of them. The name defendant in this case, in his official capacity, had a previous life at this law firm. Before I get started, I'd like to reserve two minutes for rebuttal. Certainly. The only decision that is up for review today is the Board of Immigration Appeals' decision that Mr. Torres-Moreno's conviction record contains sufficient documentary evidence to establish that he was convicted of a removable offense. The Board reached this conclusion by applying the modified categorical approach to determine that the documents in the conviction record establish that Mr. Torres-Moreno had been convicted of a controlled substances violation under California Criminal Code Section 11378 involving a controlled substance. That conclusion was an error for at least two reasons. The first of those is that the documents in the record show that the only Section 11378 violation even charged against Mr. Torres-Moreno was an unspecified violation of that statute, which prohibits both removable and non-removable conduct. And the only charge ever made against Mr. Torres-Moreno, specifically naming any federally regulated substance, was a charge under a different statute, which was ultimately dismissed. Well, Counselor, your argument is a very creative one, but it seems to me that if I look at the documents as a whole that were made a part of the record, it's pretty clear what happened, that when he appeared in front of the Superior Court judge, he pled to, in essence, count two of the information, and that the court entered his name and, in essence, granted an amendment of count two in order to facilitate that plea. And that's why we have the interlineation naming Orlando David Moreno in count two of the information, which clearly charges an aggravated felony, methamphetamine, under Schedule II of the Controlled Substances Act. So I'm really having a hard time understanding why that's not sufficient to support the Board's determination. It's true that the only arguable evidence for the Board's determination is this unattributed and undated handwriting on the criminal information. But we have a contemporaneous record. We've got the transcript of the proceeding in which this was discussed. We have the abstract of judgment, which reflects what happened. I mean, it seems to me that you're really splitting hairs to ask us to read this in any other way than a natural reading of these documents reads to me. What am I missing here? Well, if you look at the minute order... Do we know whose handwriting that is on count two? That's the count that charges the violation of 11-378. Do we know who wrote Orlando David Moreno? No, Your Honor. We have no idea who wrote that. And what the minute order, which orders the information to be amended, says, is not amend the order to add Mr. Torres Moreno's name to a preexisting count with a specified factual basis against his co-defendant. The minute order says that the information should be amended so that a new count charging an unspecified violation of section 11-378 should be added to the information as count two against Mr. Torres Moreno. What do we do with his admissions? I mean, part of the record before the board was ER-125 and 126, in which he specifically admits that on July 7, 2008, the same date of the court documents that we're looking at, in the Superior Court, County of Los Angeles, you were charged or convicted of possession and sale of a controlled substance, methamphetamine, and he says, yes, sir. And then he's shown the court records and he's asked, are these a true record of what transpired in the criminal court on page 126? And he answers, yes. And you're saying that the board couldn't look at all of that in order to determine, under the modified categorical approach, that he was in fact convicted as the document's charge? Your Honor, under this court's recent cases in Perez Mejia and Pagayon, the board certainly was permitted to review those statements made before the IJ and was permitted to base its decision on those statements if it decided to in its discretion. That's not what happened here. The IJ, in his oral opinion, relied specifically on what he characterized as admissions there. And the government, in its papers to the board, urged the board to simply summarily affirm that decision. The board did not do that. Instead, it substituted its own reasoning and didn't even reference. But it had the record before. The board relied on documents. The board relied on documents. Solely. But doesn't the modified categorical approach permit a judge or the board in this case to look at the sworn testimony of the transcript of the plea proceeding as a judicially admissible document in order to conduct the modified categorical approach? Under this court's recent cases, the board was permitted to do so, but And was this part of the record before the board? It was part of the record, but when we look at the board's actual decision it didn't apply the modified categorical approach. Is that what you're saying? I'm saying it applied the modified categorical approach, but it did so with reference to documents only. It certainly had these statements in the record before it. It was certainly permitted to rely on them. It did not. And under this court's How do we know that? I mean, that's Go ahead, Judge Goldberg. If I could ask a question, counsel. As I understand your argument, it's that the board could have taken his admission into account, but it did not do so. It just relied on the documents. So my question is this. We're reviewing the board decision that under a modified categorical approach, this was a felony for which he would be removed. But, I mean, are we allowed, as an appellate court, to rely on the admission to support a modified categorical approach if the board didn't do so? I'm glad you asked that question, Your Honor. The answer is no. Unlike in a normal review of an Article III district court's decision, when the opinion on review is coming from an administrative body, a federal appellate court does not have the power to, in essence, affirm on alternate grounds, which is essentially what that would be doing. What's the alternate ground? The problem I'm having is, aren't there cases that say that the modified categorical approach permits a reviewer to look at judicially noticeable documents? And doesn't a judicially noticeable document include the sworn statements by the defendant at the plea proceeding if they're made a part of the record? You're saying that there's nothing in the record to show that what happened before the I.J. was considered by the board? That's right, and I think that's the point here. And did he have a lawyer when he appeared before the I.J.? No, he was pro se before the I.J. He, I'm sure, had no clue what the legal import, according to this court's later decided cases, would be of making statements in what could later be construed as a plea portion of the hearing as opposed to an evidentiary portion. So does your argument come down to, because the board did not specifically reference in its decision when it announced that it was conducting a modified categorical approach, because they didn't specifically reference his statements at the time under oath that he made the plea, that that was not considered by the board, even though it was in the record in front of the board? Yes, the board's decision specifically references the documents that it was relying on. It names them, lists them out. Nowhere in that list does it say anything about a transcript or any admissions. It's not that the board was unaware of this. It had before it the I.J.'s opinion, which specifically relied. So your position comes down to, unless in its decision the deciding tribunal lists every piece of evidence that it considered, even though it's in the record in front of it, that's not sufficient to support their decision? I wouldn't characterize it that way. That's what you're asking us. You're asking us to ignore something that was in front of them. It would be a much stronger argument if, for some reason, the transcript had never been made a part of the record and was not before the board. But you're not challenging that. You agree that it was in the record before the board. So your argument really comes down to, because there's no specific incorporation in their written opinion, that they look at that admission, even though they conducted a modified categorical analysis. And even though that's part of a modified categorical analysis and a judge or a tribunal can look at it, that we can't consider that or that the board couldn't have considered it unless they expressly cited it. The argument is, again, not that the board could not have considered it. It's that it did not rely on it. And for this court to go back and infer, based on simply the fact that it was in the record, that even though the board said absolutely nothing about this and despite the I.J. relying entirely on it, that the board must have done this, inferences simply aren't enough. We can only consider matters that the board tells us that they consider and that the board announced that we are now going to proceed and apply the modified categorical approach. Yes, that's right. And if I could just cite a Supreme Court case, Federal Power Commission v. Texaco at 417 U.S. 380. And this is one of a long line of cases. The quote from that case that I think is directly on point here is that an agency's order must be upheld, if at all, on the same basis articulated in the order by the agency itself. There's no articulation anywhere in the board's order that it is relying on pleading stage admissions to reach the result. What the board specifically articulated. So you don't think that saying we conducted a modified categorical analysis, which the law says includes judicially noticeable documents, is sufficient? I don't think saying we conducted a modified categorical approach looking at X, Y, and Z specific documents which don't include a transcript is something from which you can infer. Let me ask you this. If we grant you the relief and we remand to the board, wouldn't they then be able to look at the same record that was in front of them the last time they ruled and produce exactly the same result, only this time they'll say, and we're also looking at his sworn statements under our modified categorical analysis that we conducted the last time? Well, what we know is that the first time the board saw this, it knew about these statements. Counsel, answer my question. That's not my question. Couldn't the board do that if we granted you the relief and remanded under Ventura? I suppose it could, but I think that by remanding, that would essentially be a tacit directive from the appellate court that the board, in its discretion as an agency, should go back and rearticulate its decision on grounds that it declined to go with the first time in its discretion. Declined or overlooked? I mean, we don't know that they declined it. All we know for sure is they didn't reference it. I mean, I think it was front and center before then. You had an IJ decision that relies pretty much entirely on these pleading stage admissions to reach the result. You have the government urging the board to simply summarily affirm that, which the board could have done, and instead we get an opinion that walks through a number of specific documents and makes no reference or reliance on these supposed admissions. Maybe the board didn't want to touch that proceeding before the IJ because the applicant was without counsel. That is certainly possible as well, Your Honor. As I think I mentioned earlier, I think it's a stretch for those of us in this courtroom to think that an unrepresented alien in an immigration proceeding has an understanding of the legal import of one stage of a hearing versus another. Counsel, whether or not he understands the import under our precedent, if he says the conviction was for dealing meth, that can be considered in a modified categorical approach. So, I mean, it seems to me it doesn't really matter if he understands it or not. I might be wrong, but it seems to me that the precedent doesn't pose that as a condition that he has to understand the significance of what he says. So, for me, the case kind of comes down to the Chenery principle. That is, I understand under Chenery, we're not supposed to affirm a decision on a basis that wasn't relied upon by an agency. But then there's a question of what level of specificity or generality is required. I'm personally having a little trouble understanding why we can't say the agency denied him relief based on a modified categorical approach and looking at the record that can be sustained. Although your argument is the agency had to specifically rely on that admission by him, right? Not entirely. I think what I'm saying is that in this case, where the agency, the board, in its decision did not simply make a general statement that we're relying on the record per se. It said it listed specific documents. And once the agency starts speaking in that language of specificity, then we're no longer dealing with just a generalized statement that we're applying this approach and anything that's in the record has come in. It specified certain documents and included among that specified list. That list did not include a transcript from this proceeding or any of these alleged admissions. Was there any specific reference to the so-called admission before the IJ referred to in the BIA's decision? No, Your Honor. There's no reference to it whatsoever, despite there being references to a number of other documents in the conviction record. What do we do with their statement on the bottom of excerpts of record, page three, after listing basically all of the procedural history of the case and the arguments and the documents that says, based on the foregoing, we find no reversible error in the immigration judge's determination that the respondent is removable under Section 237A2B, the lie, which is an aggravated felony, as an alien convicted of a controlled substances violation? Well, I think it's saying that there's no reversible error in the result, but the reference to the foregoing is a reference to this whole proceeding discussion where specific documents are called out. In the case Singh v. Ashcroft that was cited in our opening papers, in that case the board affirmed an IJ's opinion and specifically said it was doing so for, quote, the reasons set forth in the IJ's decision. And nonetheless, this court held that review was limited to the board's decision. In another case which was not cited in the papers, Castillo v. INS, that's 951F2-1117 from 1991. I think our rules require you to fill out a slip so that the other side can have a copy. Could you do that before you leave the courtroom? Sure. If you're relying on authority that you didn't cite to us before. Certainly, Your Honor. And in that case, the court said that when review is limited to the board's decision because the board has written its own decision with its own reasoning, the court, quote, may not rely on the IJ's opinion in deciding the merits. Okay. So can I get an answer to my question? If we were to remand it, why couldn't they do the same thing, only this time make clear that they were also under the modified categorical approach relying on his admission? I think I would have to tell you they could do that. We don't know that that's necessarily what they would do. We don't know that the government is going to choose to continue kicking this case along and use its prosecutorial discretion in that way. But, again, I think that making that remand would essentially be a tacit directive from this court that the agency should be exercising its discretion. We can't grant them relief. The Supreme Court told us that in Ventura. So the only thing we can do is send it back to the board. The question is what the board is supposed to do with it once we send it back. Well, I think that Ventura is not the case that would apply here. What you're saying is they make no specific reference to whatever the plea was before the IJ and that the board's decision on the record of the board is limited to those three documents. And if you send it back, then, of course, the board can make specific reference to the plea before the IJ if it wishes to do so. But you think that conditions have changed with this Morton memorandum and given this person's life here in the United States and his family's situation that there's a possibility that ICE may take another look at it and decide that they've spent enough time and money on this case and it opts to go on for other matters, something like that? Sure. I would hope that... In other words, like my law partner used to say, where there's trial, there's hope. Well put, Your Honor. And I see that I'm well over time, so thank you very much. And we'll leave you a minute or so for rebuttal. Thank you. I appreciate that. Okay. What do we do about that interlineation? Good morning, Your Honor. The interlineation is not a problem. Petitioner did not challenge the reliance of the certified complaint before the board. For the first time before this court, he raises his challenge to the reliance on the complaint. So that issue is not properly before this court, as it was not exhausted before the agency. In any event, the agency's decision determining that Petitioner is removable as an aggravated felon... I've never seen an interlineation like that before, where you just put a person's name in. You don't know who wrote it in. You can assume... Your Honor, that is... Who would have done it? The clerk? Did the judge write it in? Defense counsel put it in? Your Honor, that issue is not properly before this court. Petitioner did not exhaust it before the board. However, the immigration judge's decision was based on two different bases. He could have agreed to amend... He was charged in Count 1, right? Your Honor, his... He could have... He could have a cleaner way to do it than have him agree to amend Count 1 by interlineation. The abstract of conviction, the two-minute orders, and a docket all reflect that Petitioner was convicted of Count 2 of the certified complaint. For the first time before this court, he asserts that there is no reliance on the certified complaint because of the handwriting, and that issue is not properly before this court. The IJ based his determination on his admissions as well as the record of conviction, and the Petitioner did not exhaust any challenges to the immigration judge's reliance on his admissions before the agency. Well, we do have the minute order, do we not, that specifically directs the interlineation? I'm referring to Excerpt of Record 139, which are the minutes of the proceedings before the Los Angeles County Superior Court on the date in question, July 7, 2008. On the people's motion, court orders information amended by interlineation to add Violation 11-378 H&S Felony Possession Controlled Substance for Sale as Count 2. Yes, Your Honor. In fact, in this case, we have more documents than we had in Snellenberger. We have two certified minute orders, certified information, as well as the docket, and Petitioner did not challenge the reliance on the complaint before the agency. The immigration judge based his decision on Petitioner's admissions as well as the record of proceeding, excuse me, the record of conviction, and that is available at 109 in the administrative record as well as 126 in the administrative record. The board did not address the immigration judge's reliance on the admissions because Petitioner did not challenge the immigration judge's reliance on the admissions before the agency. Instead, he challenged the reliance on the record of conviction. Accordingly, because Petitioner didn't exhaust that issue, it's not properly before this court, and it's not fair to assume that the agency's, or excuse me, the board's, failure to address the admissions is tantamount to rejection of the immigration judge's decision on that basis. In any event, we have intervening controlling case law here in Perez-Mejia as well as Pagayon, establishing that a immigration judge may rely on pleading stage admissions in determining that the modified categorical approach, in applying, excuse me, in applying the modified categorical approach. Perez-Mejia is on all fours with this case. Petitioner made a complete admission to all of the charges, and allegations contained in the Counsel, may I interject a question, please? Yes, Your Honor. I think our precedent is absolutely clear that the agency could consider his admission, but the argument that's being made, and I might not be characterizing it fully, but it's like a Chenery argument saying that the BIA itself, contrary to the IJ, didn't rely on that admission, they just looked at the documents. So my question is similar to something Judge Tallman raised earlier, and that is when we apply this rule from Chenery where we just review the reasoning of the agency and don't come up with some separate rationale ourself, what does the precedent say about the level of specificity required? So like is it okay to say the agency said it was aggravated felony on modified categorical basis, so we can look at anything in the record that's proper to do that, or do we have to look at the agency reasoned A, B, C, D on these documents, so all we can do is look at the documents? Your Honor, Petitioner's Chenery argument is that the court can only rely on, can only examine what the board relied on in making its determination under the modified categorical approach. Here, however, the immigration judge made two different, gave two different reasons for finding Petitioner was removable as an aggravated felon. The first was his admissions, the second was the record of conviction. But we're dealing with the BIA now, aren't we? Yes, Your Honor, but the board affirmed. Let me ask you, doesn't the BIA indicate that it's looking at three documents? Your Honor, the Petitioner. That's what it did. Yes, Your Honor, because Petitioner. And it makes no reference to whatever happened before the IJ. Yes, Your Honor, because Petitioner did not challenge the immigration judge's reliance on his admissions before the board. That is why the board did not address his admissions. Additionally, we had intervening case law postdating the board's decision in this case, and from this court in Perez Mejia and Pagayon, which states that the board can consider the admissions. Here, merely because the board didn't address an issue that Petitioner didn't exhaust, it cannot fairly be argued that the board rejected the immigration judge's reliance on the admissions, which were complete admissions in this case, not only to all the factual allegations, but also the actual charge of removability. I'm talking about the BIA. Yes, Your Honor, the board. Not the IJ. Yes, Your Honor, and the board affirmed the immigration judge's decision in this case. By relying on these documents. The board addressed only the issue that Petitioner raised before, which was the second basis of the immigration judge's decision, and that is the reliance on the documents. The Petitioner did not challenge the immigration judge's reliance on the admissions before the board. Well, it didn't come up. Why would he challenge something that didn't come up? No, the immigration judge relied on the admissions, Your Honor. At page 109, he states very clearly that he is determining that Petitioner's removal based on the admissions as well as the conviction documents. You have some problems with a person who is unrepresented, and isn't there a requirement that the immigration judge has got to go through a whole litany in accepting a plea, whatever you want to call it, from an individual who is not represented by counsel? Yes, Your Honor, and Petitioner here was given an opportunity to obtain counsel. He stated three times... You're not answering my question. Look, in the real world, unless you can get a big law firm to represent you, what are you going to get out there? Notorios, lawyers that don't care and take your money? The system is just replete with that. We know that. So... Petitioner was given the opportunity to obtain counsel, and three times on the record he stated he would like to proceed pro se. He said that, but you've got to take a waiver from him, too. And you've got to explain to him the importance of having an attorney and all the rest of it. Was that done here? Yes, Your Honor, and he was also given a list of different attorneys that may represent him for little or no cost, as is required by this Court's precedent. As I was saying, Petitioner did not challenge the admissions before the Board, and he did not challenge that in his opening brief to this Court. For the first time in his reply brief, Petitioner challenged it. Why would he want to do that if the BIA didn't consider anything that occurred before the IJ? Your Honor, the Board did not say that it did not agree with the immigration judge's reliance. It said that we're relying on these documents. That's what the whole hearing was about. Your Honor, the Board found no reversible error in the immigration judge's determination, and the immigration judge's determination is based on the admissions as well as the record of conviction. The Petitioner did not challenge the immigration judge's reliance on his admissions. Accordingly, the Board did not address that, but that failure to address an issue that wasn't raised by Petitioner is not tantamount to a rejection of that basis in the immigration judge's decision. So can you answer the question that your opponent had such a hard time answering for me? If we were to remand it to the Board and ask them to look at it, is there any reason why they couldn't do exactly what I suggest they could do, which is look at the record that was before them? No, Your Honor, there is no reason. A remand would be futile. The record of conviction as well as the admissions are ample to support the charges of removability under the modified categorical approach, and remand would be futile in this case. Counsel, I don't really understand what you mean when you say it would be futile, because Judge Tallman is asking if they could rely on the admission, and your response to that, I assume, is yes, they could, but then beyond saying yes, they could, I take it you're saying you think it would be futile for us to remand it, that we shouldn't remand it to them to do that, and what's the ground for that? No, Your Honor, I'm not saying that yes, they could rely on the admissions. I'm saying yes, they did rely on the admissions. They affirmed the immigration judge's decision, and the immigration judge's decision has two bases, the admissions as well as the record of conviction. Petitioner did not challenge the immigration judge's reliance on the admissions. Therefore, the Board did not address that basis, but that failure to address a basis that wasn't challenged by Petitioner is not tantamount to a rejection by the Board of that basis of the immigration judge's decision. Both the immigration judge's decision and the Board's decision are up for review before this Court. Petitioner also waived any challenges to his admissions by failing to address them in his opening brief to this Court. For the first time in his reply brief, he challenges the reliance on the admissions. In any event, we have intervening controlling case law in Perez Mejia as well as Pagayan that states that the agency may rely on pleading stage admissions, and Perez Mejia is all for it with this case, Your Honor. Well, they may, but no one's disputing that. They may, but they have to put that in the record. And as far as I can tell, all they relied on was a documentary case. Your Honor, the Board did not reject any portion of the immigration judge's decision. I know, but it does tell us that what it's relying on are those documents. That's all. I mean, you know, we can go on for hours on this. And what they're really saying is, well, you know, that's the Board. They've got a lot of power. They should set an example and do things right. If I understand your position, you read that record, page 3, the same way I do, that when they say we find no reversible error, they were looking at the basis for the immigration judge's determination. Yes, Your Honor, and the basis of the immigration judge's decision has two bases, not, as Petitioner says, one basis. There are two, the admissions as well as the record of conviction, and that's on 109 as well as 126, the administrative record. Because Petitioner didn't challenge one of those bases, the Board didn't address that basis. That was not a rejection of that basis. Moreover, we have intervening case law from this Court that just brought that even further forward, that the agency may rely on these admissions. Okay. In conclusion, the Court should dismiss the petition for review. I'm sorry, Your Honor, did you have another question? Are you looking at me? I'm sorry. It's okay. No, we're fine. The Court should dismiss the petition for review. Thank you. Mr. Handover, or excuse me, Mr. Shofrock, what's your response to the government's argument that you waived the challenge by not distinctly raising the claim in your opening brief? There were two claims that issues were waived, so I'm not sure which one you're referring to. Did you raise the attack on the reliance on admissions in the opening brief or not? No, because the Board didn't rely on any admissions in the opinion that is up for review in this appeal. So how can we rely then on your reply brief argument, which does address it? I don't think there's any need to rely on any arguments about admissions, because that was stated that there were statements in the reply brief because the government had- So you were responding to the argument the government's making. Right, but our position is that the admissions are- That we can't look at those admissions for any reason. Correct. Okay. There were statements that that language, and I understand your view on this also, Judge Tallman, at the bottom of, I think, excerpts of Record 3, serves to sort of incorporate by reference the IJ's opinion. And I would just repeat what I said before, that under this Court's precedent in the Singh v. Ashcroft case, even when the Board goes beyond that and says we are affirming for the reasons stated in the IJ's opinion, that's still not enough to incorporate by reference the IJ's opinion, and review is still limited to the reasons stated by the Board. So is it your position that the Board has to cite matter of Bourbono before we can conclude that they have adopted all portions of the IJ's ruling? I think what this Court's precedent says is, essentially, if the Board is writing an opinion that says something other than we summarily affirm the IJ for the reasons stated therein, and maybe includes one paragraph, then we're dealing with a Board decision, and that's the decision that's up for review. But how can we conduct a substantial- I mean, the test is whether or not substantial evidence supports the determination. How can we do that if we don't look at the record that was before the Immigration Court, which is the same record that's made part of the Record on Appeal? Well, I think that it's a de novo standard that's applied here, because what we're looking at is the legal determination that there was a conviction for a removable offense. Well, except that the Board has specifically- I mean, I don't want to get you back into this endless argument that you and I have been wrestling with here, but if the Board says we're conducting a modified categorical analysis, and I know that the case law says modified categorical analysis includes judicially noticeable documents, which includes admissions by the alien, I mean, that seems to me to tee it up for review, to look at the record and see whether or not substantial evidence supports the modified categorical approach to determination. It's kind of a mixed question of law and fact, I guess, by analogy. I suppose, but as we pointed out in our reply brief, all of these cases that conduct a modified categorical approach under these specific circumstances to determine in a controlled substances charge whether the substance in question is a federally regulated substance, those cases all say they're applying de novo review to what they seem to view as a purely legal question, which is, I think, the same one we have here. In conclusion, I'd just say that I think if any inference can be drawn here, it's that the Board, by writing its own opinion despite the government's request that it affirm the IJ's opinion, has, in fact, de facto rejected the IJ's reliance on those so-called admissions and is not at all incorporating the IJ's opinion. Thank you very much. Thank you, and this case has been very well argued by both sides, and I certainly wish to thank you and your law firm for providing excellent pro bono services. Make a note of that, would you? Good boy. He's great. Thank you both. Thank you. That's it, huh? All right, the next two matters. I think our other cases are on the briefs, right? What? I thought the other cases were submitted on. Anthony Luna-Alicio v. Holder, that's submitted on the briefs. And Sherry L. Thomas-Dedder v. Jerry Namba, that's also submitted. And so this court will now recess until 9.30 a.m. tomorrow morning, Tuesday.
judges: Pregerson, Gould, Tallman